# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-211-DRH |
| | ) |
| MURRAY ALFORD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

On June 20, 2006, Plaintiff ate several chocolate-covered donuts that were prepared by his

classmates in a food service class. Later that afternoon, he experienced stomach cramps, diarrhea, nausea and headaches, which continued throughout the night. The next morning, Plaintiff learned that many of his classmates had experienced the same symptoms. He reported his concerns to Officer Crow, who in turn summoned Defendant Laird. Plaintiff and his classmates advised Laird of their symptoms and collectively demanded immediate medical attention. Laird told them he would call the medical unit, then returned less than a minute later and advised them that they would not see a doctor that day.

Once in class, Plaintiff and his classmates reiterated their complaints to the instructor, Defendant Alford. Alford then summoned Defendant Green, who was told the same story. Green said that he would call the medical unit, and then Alford and Green left the room for several minutes. When they returned, Alford and Green advised the inmates that they would not be receiving any emergency medical treatment that day. The inmates were told that they could either return to the housing unit or remain to help scrub the classroom.

The next day, June 22, Plaintiff was visited by a nurse, who gave him pain medication and antacids. Dissatisfied with the slow response to his demands, Plaintiff began filing a series of complaints and grievances over this incident, all of which received either no response or a denial. He then filed this action, alleging that all Defendants acted, or failed to act, with deliberate indifference to his medical needs, in violation of his rights under the Eighth Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a

> substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

In this case, it seems likely that Plaintiff and his classmates experienced some form of food poisoning. Plaintiff first began experiencing symptoms at 3 PM, an hour after eating the donuts, but he did not seek medical treatment of any form during the worst period of his illness. Instead, he first mentioned his condition some time the next morning, more than 12 hours later. Based on *his* statements in the complaint and exhibits, it seems that Plaintiff was not overly concerned about being sick. Rather, his concern arose only after he learned that his classmates had experienced similar symptoms. He became alarmed that some form of food-borne illness might have been spread, and his demands for medical attention focused more on discerning the cause of the illness, rather than treatment after the fact. From *his* statements in the complaint and exhibits, it is clear to the Court that Defendants Laird, Alford and Green were not deliberately indifferent to the situation, and Plaintiff has not stated a viable constitutional claim against any of these three officers.

The remaining defendants are connected to this incident only due to their response, or lack thereof, to Plaintiff's grievances over this matter. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Plaintiff has no constitutional right to receive a response to his grievances, nor does he have a right to receive the response that he deems appropriate. Therefore,

as to Defendants Brown, Banach, Bartley, Meek and Pickering, he has failed to state a claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  December 21, 2007.**

                                                /s/     DavidRHerndon
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**